IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JOHN PALMER and
STACEY PALMER,

            Plaintiffs,

v.                                                    CIVIL ACTION NO. 2:05-0458

CITY NATIONAL BANK OF WEST VIRGINIA;
STUART KAUFFMAN and BANK ONE, N.A.,

            Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the motion to dismiss of the third-party defendants, the United States Department of Agriculture and the Farm Service Agency. For the reasons set forth herein the motion is **GRANTED**.

**I.    Factual Allegations and Procedural Background**

Plaintiffs filed their original complaint in the Circuit Court of Kanawha County, West Virginia on May 10, 2005, against City National Bank of West Virginia (City National). Plaintiffs amended their complaint on September 9, 2004, to add claims against the Defendants Stuart Kauffman and Bank One, N.A. On or about May 10, 2005, City National received the permission of the Circuit Court to pursue a third-party claim against the United States Department of Agriculture (USDA) and the Farm Service Agency (FSA) alleging breach of contract, implied indemnification, and contribution. The case was removed to this Court by the United States on June 6, 2005, pursuant to 28 U.S.C. § 1442(a)(1), which allows for removal by the United States when

an action against a federal agency is brought in state court. 28 U.S.C. §1442(a)(1). The United States subsequently moved to dismiss the third-party claims pursuant to Fed. R. Civ. Proc. 12(b)(1), arguing that this Court does not have subject matter jurisdiction over City National's claims.

**II.     Analysis**

When a civil action is removed from state court pursuant to 28 U.S.C. § 1442(a)(1), the federal court to which it is removed acquires the same jurisdiction over the action as the state court. *Smith v. Cromer*, 159 F.3d 875, 879 (4th Cir. 1998). In other words, the federal court's jurisdiction is derivative of the state court jurisdiction. *Id.* Therefore, "where the state court lacks jurisdiction over the subject matter of the parties, the federal court acquires none upon removal, even though in a like suit orignally brought in federal court, the court would have had jurisdiction." *Id. See also Minnesota v. United States*, 305 U.S. 382, 389 (1939). The United States removed this action to federal court pursuant to 28 U.S.C. § 1442(a)(1), as such, this Court must first determine if the Circuit Court of Kanawha County had subject matter jurisdiction over City National's third-party claims.

City National, in its third-party complaint, alleges breach of contract, implied indemnification, and contribution against the USDA and FSA. The Tucker Act vests exclusive jurisdiction for contract claims against the United States in excess of $10,000 in the United States Courts of Federal Claims. *See* 28 U.S.C. §1491. Additionally, the Federal Tort Claims Act vests exclusive jurisdiction for tort claims against the United States in the federal district courts. *See* 28 U.S.C. § 1346. City National, in their response, cite numerous authorities for the proposition that

claims against the United States for indemnification and/or contribution are not barred.[1] However, the cases cited by City National were originally filed in federal district court; they were not removed pursuant to 28 U.S.C. § 1442 (a)(1).[2] A federal district court does have jurisdiction over such claims if the claims were brought in federal court. However, City National's third party claims were originally filed in the Circuit Court of Kanawha County, West Virginia and that court did not have jurisdiction to decide City National's third-party claims. Accordingly, this Court lacks subject matter jurisdiction over City National's claims based upon the principle of derivative jurisdiction.

Furthermore, where a case has been removed pursuant to 28 U.S.C. § 1442(a), "the district court may remand it back to state court only if it thereafter discovers a defect in removal procedure or a lack of subject matter jurisdiction in the federal court." *Jamison v. Wiley*, 14 F.3d 222, 238-39 (4th Cir. 1994). Thus, because this Court lacks subject matter jurisdiction over City National's claims, this case is remanded to the Circuit Court of Kanawha County, West Virginia.

**III.    Conclusion**

For the reasons stated, the motion to dismiss of the United States is **GRANTED**; the claims of City National against the USDA and FSA are **DISMISSED** without prejudice; and the action is **REMANDED** to the Circuit Court of Kanawha County, West Virginia.

---

[1] In footnote 3, City National admits that jurisdiction for its claims against the United States can be found in 28 U.S.C. §1346. City National goes on to quote the language of the statute giving "exclusive jurisdiction" of such claims to the district courts. *See* City National's Resp. to Motion of the United States of America to Dismiss Third Party Complaint, fn. 3; *see also* 28 U.S.C. §1346.

[2] City National does cite one case, *F.W. Eversley & Co., Inc. v. East New York Non-Profit HDFC, Inc.*, 409 F.Supp. 791 (S.D.N.Y. 1976), that appears to have been removed to federal court; however, the court does not address the issue of jurisdiction.

The Court **DIRECTS** the Clerk to send a copy of this written opinion and order to counsel of record and any unrepresented party.

        ENTER:      December 15, 2005

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE